## LOUISVILLE, NEW ALBANY & CHICAGO RAILWAY COMPANY

### v.

## DIAMOND STATE IRON COMPANY.

*Sales—Failure of Vendee to Give Shipping Directions—Assumpsit.*

In an action of assumpsit on a contract for the sale of spikes, the purchaser having failed to give necessary shipping directions, this court declines to interfere with the finding of the court below, there being no error at law, and the evidence being sufficient to sustain the finding and judgment.

[Opinion filed March 28, 1888.]

APPEAL from the Superior Court of Cook County; the Hon. KIRK HAWES, Judge, presiding.

L., N. A. & C. Ry. Co. v. Diamond State Iron Co.

Messrs. HAYNES & EASLEY, for appellant.

Mr. FRANK J. LOESCH, for appellee.

BAILEY, J.   This was *assumpsit* upon a contract, by which the plaintiff agreed to sell, and the defendant to purchase, 2,500 kegs of spikes, on certain terms and at a certain price per hundred weight, the spikes to be delivered on board the cars at Wilmington, Delaware, within a certain period specified in the contract, and the defendant to give shipping directions. Five hundred kegs were shipped to Michigan City, Indiana, on shipping directions given by the defendant's agent, and were afterward paid for by the defendant.   It is claimed by the plaintiff that it was ready and willing to deliver the residue of said spikes according to the contract, but that, by reason of the refusal or failure of the defendant to give the necessary shipping directions, it was prevented from delivering the same. The cause was tried by the court, a jury being waived, and a judgment rendered in favor of the plaintiff for $3,000 and costs.

Upon careful examination of the record we find no error of law.   Various propositions were submitted to the court to be held as the law in the decision of the case, and we are unable to perceive any material error in the rulings of the court in relation to said propositions.   The controversy turned chiefly upon questions of fact, and all we need say is, that so far as we are able to see, the evidence sustains the finding and judgment.   Discussions of mere questions of fact by this court, especially where we agree with the decision of the court below, can ordinarily subserve no useful purpose.   We content ourselves, therefore, with saying that we see no reason for disturbing the judgment.   It will, accordingly, be affirmed.

*Judgment affirmed.*